# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| **J.A.** | * |
| | * |
| *Plaintiff,* | * |
| | CASE NO.: _____ |
| v. | * JURY TRIAL REQUESTED |
| **STEVEN V. ABREU,** Individually and Official Capacity as Wicomico County Deputy Sheriff <br> 400 Nomreh Road <br> Salisbury, Maryland 21801 | * |
| and | * |
| **WICOMICO COUNTY, MARYLAND** <br> 125 North Division Street <br> Salisbury, Maryland 21801 <br> <u>Serve on:</u> Thomas G. Luffman, Jr., Resident Agent <br>   Government Office Building <br>   125 North Division Street, Room 303 <br>    Salisbury, Maryland 21801 | * |
| *Defendants.* | * |

* * * * * * * * * * * *

## COMPLAINT

Plaintiff J.A. sues the above-named Steven V. Abreu and Wicomico County, Maryland (hereafter jointly referred to as "Defendants"), stating as follows:

## JURISDICTION AND VENUE

1. This case involves a federal question arising under 42 U.S.C. §1983 due to Defendant Steven V. Abreu's assault on Plaintiff J.A. which deprived her of clearly established and well-settled rights under the United States Constitution. Plaintiff's federal law claim and state law claims arise out of a common nucleus of operative facts, and are so related that they form part of the same case or controversy under Article III of

the United States Constitution. Accordingly, the United States District Court for the District of Maryland, Northern Division, has subject matter jurisdiction and supplemental jurisdiction over and is the appropriate venue for this action. See 28 U.S.C.A. §1331; 28 U.S.C. §1367; 28 U.S.C.A. §1391(b); 28 U.S.C.A §100.

2. Pursuant to Md. Cts. & Jud. Proc. Code Ann. §5-304, Notice of Plaintiff's claim against Defendant Wicomico County, Maryland ("Wicomico County") was provided to the Wicomico County Council in accordance with the Maryland Local Government Tort Claims Act.

3. Plaintiffs allege that all conditions precedent have been performed and/or have occurred prior to the filing of this action.

**PARTIES**

4. Plaintiff J.A. is an adult citizen of and domiciled in Wicomico County, Maryland.

5. At all times relevant, Defendant Steven V. Abreu was employed as a Wicomico County Deputy Sheriff. Defendant Abreu detained and assaulted Plaintiff while acting under color of law as a law enforcement employee, servant and/or agent of Wicomico County Sheriff's Office and Wicomico County, Maryland. Defendant Abreu is sued in both his official and individual capacity.

6. Defendant Wicomico County is a municipality and local government in the State of Maryland. At all times relevant, Defendant Abreu detained and assaulted Plaintiff as a law enforcement employee, servant and/or agent of Wicomico County Sheriff's Office and Defendant Wicomico County. Defendant Wicomico County is liable for the tortious acts committed by Defendant Abreu based on vicarious liability.

**STATEMENT OF FACTS**

7. On October 26, 2022 at approximately 1:00 a.m., Plaintiff was sitting in her parked vehicle at a parking lot in front of the Kohl's Department Store located in Salisbury, Maryland. Plaintiff had just finished her work-shift at an establishment located near Kohl's Department Store. Defendant Wicomico County Deputy Sheriff Steven V. Abreu drove his marked Wicomico County Sheriff's Office vehicle and pulled up behind Plaintiff's vehicle. Defendant Abreu exited his marked vehicle and approached Plaintiff wearing his Wicomico County Sheriff's full uniform. At the time of this encounter, Defendant Abreu was a physically fit, well built 30 year old male weighing 215 pounds and armed with a gun.

8. Defendant Abreu asked for Plaintiff's identification and her phone number. Plaintiff provided the requested information and saw Defendant Abreu write down her information, including phone number, in a notebook that Defendant carried in his uniform's vest pocket.

9. Defendant Abreu then ordered Plaintiff to exit her vehicle so that he could perform a physical search of her body (i.e., frisk search). Plaintiff complied with the Defendant's order. Defendant used his hands to grab Plaintiff's breasts and buttocks.

10. Defendant Abreu then ordered Plaintiff to get back into her vehicle. Plaintiff complied with the Defendant's order. Defendant Abreu leaned into the open driver's side window of the Plaintiff's vehicle and with a flashlight on in his right hand, Defendant proceeded to use his left hand to reach under the Plaintiff's pants and penetrate her vagina with his fingers. Defendant Abreu then used his left hand to grab her breasts under her clothing.

11. Plaintiff did not consent to being detained by the Defendant, and she did not consent to any of the touching and sexual acts committed by the Defendant. Plaintiff

did not feel free to resist the Defendant's orders. Plaintiff did not feel free to leave or end the encounter with the Defendant. Plaintiff felt threatened and was fearful of what would happen if she attempted to resist any of the Defendant's orders, attempted to escape from the Defendant's custody, or attempted to physically fight back against the armed Defendant.

12. Throughout Plaintiff's entire encounter with Defendant Abreu on October 26, 2022, Plaintiff was intentionally threatened with physical harm by the Defendant's actions and orders, Defendant appeared to have the ability to carry out said threat, and Plaintiff was in reasonable fear of imminent harm. Defendant Abreu – a physically fit, well built 30-year-old male weighing 215 pounds – was armed with a gun and wearing his Wicomico County Sheriff's full uniform when he demanded the Plaintiff's phone number and then ordered her to get out of her vehicle to be frisked. Defendant Abreu's threatening behavior included, among other things, grabbing Plaintiff's breasts and buttocks and penetrating her vagina with his fingers. Defendant's orders and threatening behavior intentionally threatened the Plaintiff who had a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm.

13. Eventually, Defendant Abreu ended his detainment of the Plaintiff and allowed her to leave.

14. Thereafter, Defendant Abreu called Plaintiff's phone and sent her several text messages. The text messages sent by Defendant Abreu were of a sexual nature. Defendant Abreu's phone call and text messages were a continuation of the Defendant's threatening behavior causing Plaintiff to have a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm as an armed

4

Wicomico County Deputy Sheriff who knew where she lived and worked and could detain her at any moment as he had previously done.

15. On October 28, 2022 at approximately 10:52 p.m., Plaintiff was driving home from work when she noticed Defendant Abreu following her in a marked Wicomico County Sheriff's Office vehicle. Defendant Abreu turned on his marked vehicle's emergency lights, forcing Plaintiff to pull over on the side of the road.

16. Plaintiff was once again detained by the armed Defendant who was wearing his Wicomico County Sheriff's full uniform. Defendant Abreu approached the Plaintiff's vehicle and reached into the open driver's side window and grabbed Plaintiff's face and forcibly moved her face while looking at her neck. Defendant Abreu told Plaintiff that the marks on her neck which he saw during his prior encounter with the Plaintiff were no longer visible.

17. Plaintiff told Defendant Abreu that she only had a few minutes to get to a store before it closes to buy diapers for her child. Defendant Abreu asked Plaintiff why she had not stopped at another store closer to her work, indicating that he had been watching and following her from at least the time she left work.

18. Eventually, Defendant Abreu ended his detainment of the Plaintiff and allowed her to leave. Prior to allowing Plaintiff to leave, Defendant Abreu told the Plaintiff that he would see her again. Defendant Abreu warned/ordered Plaintiff to not tell anyone about his interactions with her.

19. Plaintiff did not consent to being detained by the Defendant, and she did not consent to any of the touching committed by the Defendant. Plaintiff did not feel free to leave or end the encounter with the Defendant. Plaintiff felt threatened and was fearful of what would happen if she attempted to resist the Defendant, attempted to escape from

the Defendant's custody, or attempted to physically fight back against the armed Defendant.

20. Throughout Plaintiff's entire encounter with Defendant Abreu on October 28, 2022, Plaintiff was intentionally threatened with physical harm by the Defendant's actions and words/warnings/orders, Defendant appeared to have the ability to carry out said threat, and Plaintiff was in reasonable fear of imminent harm. Defendant Abreu – a physically fit, well built 30-year-old male weighing 215 pounds – was armed with a gun wearing his Wicomico County Sheriff's full uniform when he forced the Plaintiff to pull her vehicle over to the side of the road. Defendant Abreu's threatening behavior included, among other things, grabbing Plaintiff's face. Defendant Abreu's threatening words/warnings/orders included, among other things, indicating to Plaintiff that he had been following her since she left work, telling Plaintiff that he would see her again, and warning/ordering Plaintiff to not tell anyone about his interactions with her. Defendant Abreu's words/warnings/orders and threatening behavior intentionally threatened the Plaintiff who had a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm.

21. On October 29, 2022, Plaintiff was so fearful and threatened by Defendant Abreu that she had her fiancé drive her to and from work. At approximately 10:13 p.m. on October 29, 2022, Plaintiff's fiancé arrived at her place of work to take her home. Defendant Abreu was seen sitting in his marked Wicomico County Sheriff's Office vehicle which was parked in the parking lot at Plaintiff's place of work.[1] Upon realizing that Plaintiff was being picked up from work by her fiancé, Defendant Abreu drove away.

---

[1] Defendant Abreu was videotaped sitting in his marked Wicomico County Sheriff's Office vehicle in the parking lot at Plaintiff's place of work.

22. Defendant Abreu's presence in the parking lot at Plaintiff's place of work was a continuation of the Defendant's threatening behavior causing Plaintiff to have a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm as an armed Wicomico County Deputy Sheriff who knew where she lived and worked and could detain her at any moment as he had previously done on two separate occasions. Additionally, Plaintiff's reasonable fear of harm was exacerbated by Defendant Abreu's prior warning that he would see her again.

23. On October 30, 2022, Defendant Abreu was arrested and criminally charged for the tortious actions committed against the Plaintiff.

## COUNT I
### (Constitutional Violations Under 42 U.S.C. §1983)
### (Claim Against Defendant Steven V. Abreu in His Individual Capacity)

24. Plaintiff hereby incorporates paragraphs 1-23 as stated above.

25. At all times relevant to this Complaint, Plaintiff had rights afforded to her by the Fourth and Fourteenth Amendments to the United States Constitution not to be unlawfully detained, seized or searched in an unreasonable manner; not to be deprived of her liberty without due process of the law; and not to be subjected to excessive force.

26. At all times relevant, Defendant Abreu acted under the color of law as a law enforcement employee, servant and/or agent of Wicomico County Sheriff's Office and Wicomico County, Maryland.

27. Defendant Abreu's conduct, including each of the separate occurrences of assault as described-above, deprived Plaintiff of her clearly established and well-settled constitutional rights. That is, Defendant Abreu's unlawful and unreasonable detainment, seizure and search of the Plaintiff occurred by way of assault as Defendant Abreu's threatening words, warnings, orders, and behavior intentionally threatened the Plaintiff

7

who had a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm.

28. Defendant Abreu knowingly and maliciously acted to deprive the Plaintiff of her constitutional rights. Defendant Abreu assaulted the Plaintiff without legal justification or excuse and with an evil intent to deliberately and willfully injure the Plaintiff.

29. As a direct and proximate result of Defendant Abreu's violation of clearly established and well-settled constitutional rights, Plaintiff has in the past and will in the future sustain severe and irreversible injury, including, but not limited to, mental anguish, emotional pain and suffering and other non-economic damages for which claim is made. In addition, Plaintiff has in the past and will in the future suffer economic harm including, but not limited to, medical expenses, future care costs, lost wages, future lost earnings, diminished earning capacity, loss of services and other economic damages recoverable by law.

30. Plaintiff alleges that Defendant Abreu's violation of clearly established and well-settled constitutional rights is a proximate cause of Plaintiff's serious and irreversible injuries, permanent damages, disability, and economic and non-economic damages.

WHEREFORE, Plaintiff demands judgment against Defendant Steven V. Abreu in his individual capacity for compensatory damages, punitive damages, attorneys' fees, interest, costs and any other appropriate relief in an amount in excess of $75,000.00.

**COUNT II**
**(Violation of Article 24 of the Maryland Declaration of Rights)**
**(Claim Against Defendant Steven V. Abreu in His Individual Capacity)**

31. Plaintiff hereby incorporates paragraphs 1-30 as stated above.

32. At all times relevant to this Complaint, Plaintiff had state constitutional rights afforded to her under Article 24 of the Maryland Declaration of Rights which included, among other things, not to be unlawfully detained, seized or searched in an unreasonable manner; not to be deprived of her liberty without due process of the law; and not to be subjected to excessive force.

33. At all times relevant, Defendant Abreu acted under the color of law as a law enforcement employee, servant and/or agent of Wicomico County Sheriff's Office and Wicomico County, Maryland.

34. Defendant Abreu's conduct, including each of the separate occurrences of assault as described-above, deprived Plaintiff of her clearly established and well-settled state constitutional rights. That is, Defendant Abreu's unlawful and unreasonable detainment, seizure and search of the Plaintiff occurred by way of assault as Defendant Abreu's threatening words, warnings, orders, and behavior intentionally threatened the Plaintiff who had a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm.

35. Defendant Abreu knowingly and maliciously acted to deprive the Plaintiff of her state constitutional rights. Defendant Abreu assaulted the Plaintiff without legal justification or excuse and with an evil intent to deliberately and willfully injure the Plaintiff.

36. As a direct and proximate result of Defendant Abreu's violation of clearly established and well-settled state constitutional rights, Plaintiff has in the past and will in the future sustain severe and irreversible injury, including, but not limited to, mental anguish, emotional pain and suffering and other non-economic damages for which claim is made. In addition, Plaintiff has in the past and will in the future suffer economic harm

including, but not limited to, medical expenses, future care costs, lost wages, future lost earnings, diminished earning capacity, loss of services and other economic damages recoverable by law.

37. Plaintiff alleges that Defendant Abreu's violation of clearly established and well-settled state constitutional rights is a proximate cause of Plaintiff's serious and irreversible injuries, permanent damages, disability, and economic and non-economic damages.

WHEREFORE, Plaintiff demands judgment against Defendant Steven V. Abreu in his individual capacity for compensatory damages, punitive damages, attorneys' fees, interest, costs and any other appropriate relief in an amount in excess of $75,000.00.

## COUNT III
## (ASSAULT)
### (Claim Against Defendant Steven V. Abreu in His Individual Capacity)

38. Plaintiff hereby incorporates paragraphs 1-37 as stated above.

39. At all times relevant, Defendant Abreu acted with actual malice while committing assault against the Plaintiff. Defendant Abreu assaulted the Plaintiff without legal justification or excuse and with an evil intent to deliberately and willfully injure the Plaintiff.

40. Throughout each of the separate occurrences of assault committed by Defendant Abreu as described-above, Plaintiff was intentionally threatened with physical harm by the Defendant's actions and words/warnings/orders. Additionally, Defendant Abreu appeared to have the ability to carry out said threat, and Plaintiff was in reasonable fear of imminent harm.

41. As a direct and proximate result of each of the separate occurrences of assault committed by Defendant Abreu as described-above, Plaintiff has in the past and

will in the future sustain severe and irreversible injury, including, but not limited to, mental anguish, emotional pain and suffering and other non-economic damages for which claim is made.  In addition, Plaintiff has in the past and will in the future suffer economic harm including, but not limited to, medical expenses, future care costs, lost wages, future lost earnings, diminished earning capacity, loss of services and other economic damages recoverable by law.

42. Plaintiff alleges that each of the separate occurrences of assault committed by Defendant Abreu as described-above is a proximate cause of Plaintiff's serious and irreversible injuries, permanent damages, disability, and economic and non-economic damages.

WHEREFORE, Plaintiff demands judgment against Defendant Steven V. Abreu in his individual capacity for compensatory damages, punitive damages, attorneys' fees, interest, costs and any other appropriate relief available in an amount in excess of $75,000.00.

**COUNT IV**
**(Claims Against Defendant Wicomico County and**
**Steven V. Abreu in His Official Capacity)**

43. Plaintiff hereby incorporates paragraphs 1-23 as stated above.

44. At all times relevant, Defendant Abreu acted under the color of law as a law enforcement employee, servant and/or agent of Wicomico County Sheriff's Office and Wicomico County, Maryland.

45. Plaintiff alleges, in the alternative, that Defendant Abreu acted without actual malice while committing assault against the Plaintiff as an employee, servant and/or agent of Wicomico County Sheriff's Office and Defendant Wicomico County.  As

such, Defendant Wicomico County is liable based on vicarious liability for each of the separate occurrences of assault committed by Defendant Abreu as described-above.

46. Throughout each of the separate occurrences of assault committed by Defendant Abreu as described-above, Plaintiff was intentionally threatened with physical harm by the Defendant's actions and words/warnings/orders. Additionally, Defendant Abreu appeared to have the ability to carry out said threat, and Plaintiff was in reasonable fear of imminent harm.

47. Defendant Abreu's conduct, including each of the separate occurrences of assault as described-above, deprived Plaintiff of her clearly established and well-settled federal and state constitutional rights. That is, Defendant Abreu's unlawful and unreasonable detainment, seizure and search of the Plaintiff occurred by way of assault as Defendant Abreu's threatening words, warnings, orders, and behavior intentionally threatened the Plaintiff who had a reasonable fear of imminent harm as the Defendant appeared to have the ability to carry out said threat/imminent harm.

48. As a direct and proximate result of each of the separate occurrences of assault committed by Defendant Abreu as described-above, Plaintiff has in the past and will in the future sustain severe and irreversible injury, including, but not limited to, mental anguish, emotional pain and suffering and other non-economic damages for which claim is made. In addition, Plaintiff has in the past and will in the future suffer economic harm including, but not limited to, medical expenses, future care costs, lost wages, future lost earnings, diminished earning capacity, loss of services and other economic damages recoverable by law.

49. Plaintiff alleges that each of the separate occurrences of assault committed by Defendant Abreu as described-above is a proximate cause of Plaintiff's serious and

irreversible injuries, permanent damages, disability, and economic and non-economic damages.

WHEREFORE, Plaintiff demands judgment against Defendant Wicomico County for compensatory damages, punitive damages, attorneys' fees, interest, costs and any other appropriate relief available in an amount in excess of $75,000.00.

        Respectfully submitted,

        /s/ Thomas C. Cardaro
        _____
        Thomas C. Cardaro (#04972)
        Jeffrey L. Peek (#09121)
        C. Drew Fritch (#28775)
        John S. Sellinger (#05236)
        ***Cardaro & Peek, L.L.C.***
        201 North Charles Street
        Suite 2100
        Baltimore, Maryland 21201
        Phone: (410) 752-6166
        Fax: (410) 752-6013
        tcc@cardarolaw.com
        jlp@cardarolaw.com
        cdf@cardarolaw.com
        jss@cardarolaw.com
        ***Attorneys for Plaintiffs***

## JURY TRIAL REQUEST

Plaintiffs hereby request a jury trial.

        /s/ Thomas C. Cardaro
        _____
        Thomas C. Cardaro