IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **J.A.,** <br><br> *Plaintiff,* <br><br> v. <br><br> **STEVEN V. ABREU,** *et al.*, <br><br> *Defendants.* | **Civil No. 1:23-cv-02922-JRR** |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff's unopposed Motion to Proceed Anonymously and to Seal an Unredacted Version of the Complaint Containing Personally Identifying Information. (ECF No. 10; the "Motion.") The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

On October 23, 2023, Plaintiff J.A. filed the Complaint against Defendants Steven V. Abreu and Wicomico County, Maryland. (ECF No. 1.) At all times relevant, Defendant Abreu was employed as a Wicomico County Deputy Sheriff. *Id.* ¶ 5. Plaintiff alleges that Defendant Abreu used his position as a law enforcement officer to detain and sexually assault her. *Id.* ¶¶ 7-20. Plaintiff seeks an order allowing her to proceed in this action under the pseudonym "J.A." and to file under seal an unredacted version of her Complaint. (ECF No. 10.)

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). In exceptional circumstances, however, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014). Before

granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The United States Court of Appeals for the Fourth Circuit provides five non-exclusive factors to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016). The court must "carefully review all the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Courts have found that allegations involving sexual misconduct satisfy this factor. *See E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (finding the first factor satisfied where she "seeks to preserve her privacy in a highly sensitive and personal matter involving sexual assault"); *Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d 401, 405-406 (S.D.N.Y.

2

2019) (noting that allegations involving sexual assault, sexual harassment and related ridicule "are highly sensitive and of extremely personal nature to the Plaintiff"); *Alger*, 317 F.R.D. at 40 (finding that the first factor weights in favor of anonymity where the plaintiff made allegations involving sexual misconduct); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule").

In the instant case, Plaintiff's allegations pertain to incidents of sexual acts allegedly committed by Defendant Abreu. Plaintiff alleges that she felt threatened and fearful of Defendant Abreu. (ECF No. 1 ¶¶ 11-12, 14, 19-21.) Specifically, Plaintiff alleges that Defendant Abreu pulled up behind her, in his Wicomico County Sheriff's uniform, ordered her to exit her vehicle, "used his hands to grab [her] breasts and buttocks," ordered her back into her vehicle, and "leaned into the open driver's side window . . . and with a flashlight on in his right hand, Defendant proceeded to use his left hand to reach under [her] pants and penetrate her vagina with his fingers." *Id.* ¶¶ 7, 11. Plaintiff alleges that she "felt threatened and was fearful of what would happen if she attempted to resist any of the Defendant's orders, attempted to escape from the Defendant's custody, or attempted to physically fight back against the armed Defendant." *Id.* ¶ 11. Plaintiff alleges further that, subsequently, Defendant Abreu called Plaintiff's phone and sent her several text messages, which were sexual in nature. *Id.* ¶ 14. On another occasion, Defendant Abreu allegedly again followed Plaintiff, turned on his emergency lights, pulled Plaintiff over, and ordered her not to tell anyone about his interactions with her. (ECF No. 1 ¶¶ 15, 18.) Accordingly, the first factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

The second factor considers whether denying the Motion "poses a risk of retaliatory

physical or mental harm" to Plaintiff.  *James*, 6 F.3d at 238.  Plaintiff argues that she fears retaliation and intimidation because this case involves allegations involving law enforcement. (ECF No. 10 at 5.)  Moreover, Plaintiff contends that she will face embarrassment from widespread disclosure.  *Id.*  While the fact "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity, *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981), "[t]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact."  *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008).  The court is persuaded that were the court to deny the Motion, Plaintiff "would face a very real risk of harassment, ridicule, and personal embarrassment."  *John Doe 140*, 249 F.R.D. at 361; *see Doe v. City of Philadelphia*, No. CV 23-0342-KSM, 2023 WL 4110064, at *3 (E.D. Pa. June 21, 2023) (noting that the plaintiff's "fear of substantial public stigmatization and backlash is reasonable given her detailed allegations of sexual assault at the hands of a law enforcement agent"); *Alger*, 317 F.R.D. at 40 (allowing the plaintiff to use a pseudonym in a case involving sexual assault allegations because the use of real identities "would likely increase their risk of retaliatory physical or mental harm").  Accordingly, the second *James* factor weighs in favor of permitting Plaintiff to proceed under a pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected."  *James*, 6 F.3d at 238.  Plaintiff is not a minor.  (ECF No. 10 at 6.)  Accordingly, the third factor weighs against permitting Plaintiff to proceed under a pseudonym.  *See Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (same).

The fourth *James* factor considers whether Plaintiff's action is against a governmental entity or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Here, Plaintiff brought this action against Defendant Abreu in his individual and official capacities. (ECF No. 1 ¶ 5.) Counts I through III are asserted against Defendant Abreu in his individual capacity. *Id.* ¶¶ 24-42. Count IV is asserted against Defendant Abreu in his official capacity and against Defendant Wicomico County. *Id.* ¶¶ 44-49.

Generally, courts find the fourth factor neutral where a plaintiff is suing an individual defendant only in his official capacity. *Doe v. Alger,* 317 F.R.D. 37, 41 (W.D. Va. 2016); *Doe v. Virginia Polytechnic Inst., & State Univ.*, No. 7:21-CV-378, 2022 WL 972629, at *3 (W.D. Va. Mar. 30, 2022). In contrast, courts typically find the fourth factor weighs against anonymity where a plaintiff is suing an individual defendant in his individual and official capacities. *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *5 (W.D. Va. Mar. 18, 2020); *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-170, 2018 WL 5929647, at *4 (W.D. Va. Nov. 13, 2018).

Although Plaintiff is suing Defendant Abreu in his individual and official capacities, the Complaint centers around the alleged detainment and assault committed by Defendant Abreu in his individual capacity. (ECF No. 1.) Plaintiff's allegations in Count IV pertaining to Defendants

Wicomico County and Abreu in his official capacity are "in the alternative, that Defendant Abreu acted without actual malice while committing assault against the Plaintiff as an employee, servant and/or agent of Wicomico County Sheriff's Office and Defendant Wicomico County." (ECF No. 1 ¶ 45.) Plaintiff seeks to hold Defendant Wicomico County vicariously liable for alleged assaults committed by Defendant Abreu. *Id.* ¶ 46. Accordingly, because this action is focused primarily on the private actions of Defendant Abreu, the fourth factor weighs against anonymity. *See Doe v. Virginia Polytechnic Inst. & State Univ.,* 2020 WL 1287960, at *5 (finding that the fourth factor weighs against anonymity while the plaintiff "challenging government activity and suing the private parties in their official capacities, his allegations also focus on the individual actions of the private parties"); *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647, at *4 (finding that the fourth factor weights against anonymity where the plaintiff's "allegations cannot be read as solely contesting the University's disciplinary process itself, but must be read as also challenging the specific actions of the persons involved in that process").

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Defendants have filed no response to the Motion; therefore, they do not contend they will suffer unfairness or prejudice should Plaintiff proceed anonymously. Further, Plaintiff seeks leave to file the unredacted Complaint, containing her name and address, under seal. (ECF No. 10 at 6.) Plaintiff additionally agrees to stipulate to protective orders or other mechanisms during the discovery phase. *Id.* Therefore, Defendants will be fully aware of Plaintiff's identity throughout litigation. Accordingly, the fifth factor weighs in favor of granting the Motion. *See E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008) (finding that anonymity outweighed prejudice where "[a]pplicants have offered to stipulate to protective orders

or other mechanisms to provide Defendants an opportunity to conduct meaningful discovery"); *Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense).

Upon consideration of the *James* factors and the circumstances of the instant case, the court concludes that allowing Plaintiff to proceed in this action under the pseudonym "J.A." is warranted. In light of the court's analysis above, the Motion to Seal an Unredacted Version of the Complaint that contains Plaintiff's name and identifying information will also be granted. Local Rule 105.11.

For the reasons set forth herein, by separate order, Plaintiff's unopposed Motion to Proceed Anonymously and to Seal an Unredacted Version of the Complaint Containing Personally Identifying Information (ECF No. 10) will be granted.

April 25, 2024                                                                                     /S/
                                                                                          _____
                                                                                          Julie R. Rubin
                                                                                          United States District Judge