IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| J.A., <br><br>     *Plaintiff*, <br><br> v. <br><br> STEVEN V. ABREU, *et al.*, <br><br>     *Defendants*. | Civil No.: 1:23-cv-02922-JRR |

**MEMORANDUM OPINION**

Plaintiff J.A. filed this action against Defendants Steven V. Abreu and Wicomico County, Maryland ("the County"), asserting state and federal constitutional claims, as well as a state tort claim. (ECF No. 1; the "Complaint.")  Pending before the court is the County's Motion to Dismiss or, in the Alternative, to Bifurcate.  (ECF No. 20; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the County's Motion, construed as a motion to dismiss, will be GRANTED.

**I.     BACKGROUND**[1]

Defendant Abreu was previously employed as a Wicomico County Deputy Sheriff.  (ECF No. 1 ¶ 5.)  On multiple occasions when Defendant Abreu was still a deputy sheriff, he "detained and assaulted Plaintiff while acting under color of law."  *Id.*  On October 26, 2022, Defendant Abreu, driving a marked County Sheriff's Office vehicle, approached Plaintiff's parked vehicle as she sat in a parking lot.  *Id.* ¶ 7.  Defendant Abreu, dressed in his County Sheriff's Office uniform and armed with a gun, walked up to Plaintiff's vehicle and asked for her identification and phone number.  *Id.* ¶¶ 7–8.  He ordered Plaintiff to exit her vehicle and conducted a physical search of

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

her body while grabbing her breasts and buttocks without her consent. *Id.* ¶ 9.  Defendant Abreu then directed Plaintiff back into her vehicle whereupon he leaned through her window, penetrated her vagina with his fingers, and grabbed her breasts without her consent. *Id.* ¶¶ 10–11.  Following the assault on October 26, 2022, Defendant Abreu called Plaintiff's phone and sent her sexual text messages. *Id.* ¶ 14.

On October 28, 2022, Defendant Abreu, again driving a marked County Sheriff's Office vehicle, turned on his emergency lights to execute a traffic stop of Plaintiff's vehicle. *Id.* ¶ 15.  After approaching her vehicle, Defendant Abreu grabbed and moved Plaintiff's face without her consent to check her neck for marks from the previous encounter. *Id.* ¶ 16.  Defendant Abreu then told Plaintiff that "he would see her again," and ordered her not to tell anyone about his interactions with her. *Id.* ¶ 18.  The following day, Defendant Abreu was waiting in the parking lot of Plaintiff's employment but did not approach her because her fiancé was driving her. *Id.* ¶ 21.

Defendant Abreu was subsequently arrested and criminally charged for his conduct toward Plaintiff. *Id.* ¶ 23.  He was indicted on November 28, 2022, in the Circuit Court for Wicomico County, Maryland (C-22-CR-22-000588), and charged with 50 offenses occurring from September 2 to October 29, 2022.[2]

Plaintiff initiated this action on October 26, 2023, asserting four counts:

> Count I: Constitutional Violations under 42 U.S.C. § 1983 against Defendant Abreu in his Individual Capacity;
> Count II: Violation of Article 24 of the Maryland Declaration of Rights against Defendant Abreu in his Individual Capacity;
> Count III: Assault against Defendant Abreu in his Individual Capacity; and
> Count IV: "Claims" against the County and Defendant Abreu in his Official Capacity.

---

[2] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

(ECF No. 1 ¶¶ 24–49.)  The basis for Count IV is vicarious liability: Plaintiff alleges "in the alternative, that Defendant Abreu acted without actual malice while committing assault against Plaintiff as an employee, servant, and/or agent" of the County Sheriff's Office and the County, and that the County is "liable based on vicarious liability for each of the separate occurrences of assault committed by Defendant Abreu." *Id.* ¶ 45.  Although the claims asserted against the County in Count IV are unclear, the County construes Count IV to restate Counts I through III against it on the basis of vicarious liability.  (ECF No. 20-1 at p. 2.)  Plaintiff's response confirms this, stating that the County "is liable for the tortious acts committed by Defendant Abreu based on vicarious liability." (ECF No. 21-1 at p. 2.)

Defendant Abreu answered Plaintiff's Complaint on December 22, 2023.  (ECF No. 19.)  The County now moves to dismiss all counts against it, or in the alternative, to bifurcate the claims against it for the purposes of discovery and trial.  (ECF No. 20.)

## II.   LEGAL STANDARD

The County moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or alternatively, if the court does not dismiss the County as a Defendant, to bifurcate the claims against it pursuant to Federal Rule of Civil Procedure 42(b).  Because the court will dismiss Count IV against the County, thereby dismissing it as a Defendant in this action, the court does not reach the bifurcation argument.

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Therefore, a "Rule 12(b)(6) motion should only

3

be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III. ANALYSIS

#### A. Deputy Sheriffs as State Employees

The County contends that it cannot be vicariously liable for Defendant Abreu's actions, because at the relevant time, he was an employee of the State, not the County. (ECF No. 20-1 at p. 4–6.) Plaintiff counters that determination of whether a deputy sheriff is a county or State

employee is a "fact-intensive inquiry" for the factfinder to resolve, and, therefore, is inappropriate for resolution on a 12(b)(6) motion. (ECF No. 21-1 at p. 3–4.)

"As a matter of Maryland State law, it is well settled that, as a general rule, county sheriffs and their deputies are 'officials and/or employees of the State of Maryland,' rather than their county. Thus, for purposes of tort liability in Maryland, sheriffs and their deputies are generally considered State personnel." *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 726 (D. Md. 2013) (citing *Rucker v. Harford County,* 316 Md. 275, 281 (1989)); *see Peacock v. Debley*, 261 Md. App. 540, 556 (2024) (holding that "[u]nder Maryland law, Sheriff[s] and Deputy Sheriffs . . . are officials and/or employees of the State of Maryland rather than of [a local jurisdiction]." (citations omitted)); *Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 651 (D. Md. 2004) (providing that "Maryland county sheriffs are also designated state constitutional officials for purposes of state law." (citing MD. CONST. ART. IV § 44)).

In *Rucker v. Harford County*, the Supreme Court of Maryland (then the Court of Appeals of Maryland) concluded that sheriffs and deputy sheriffs are State employees as a matter of law. 316 Md. at 281 (holding that "as a matter of Maryland law, the Sheriff and Deputy Sheriffs of Harford County are officials and/or employees of the State of Maryland rather than of Harford County"). "Indeed, this is confirmed by [the Maryland Tort Claims Act ('MTCA')]." *Peacock v. Debley*, 261 Md. App. 540, 556 (2024) (citing MD. CODE ANN., STATE GOV'T § 12-101) (identifying deputy sheriffs as "state personnel"). The State, and not the County, is therefore "answerable for [a deputy sheriff's] actions." *Brooks v. St. Charles Hotel Operating, LLC.*, No. CV DLB-23-0208, 2023 WL 6244612, at *8 (D. Md. Sept. 26, 2023) (quoting *Ledergerber v. Blubaugh*, No. JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020)).

The *Rucker* holding did not, however, foreclose that "for some purposes and in some contexts," a sheriff may be treated as a county employee, such as in matters related to the local funding and benefits of sheriffs' offices. 316 Md. at 289. The *Rucker* court further noted that its holding was limited to Maryland law only, and that "whether the Sheriff and Deputy Sheriffs are to be regarded as State or local government employees, for purposes of the Eleventh Amendment or 42 U.S.C. § 1983, are federal law issues which are not before this Court." *Id.* at 280–81 (citations omitted).

Shortly thereafter, the Fourth Circuit in *Dotson v. Chester,* considering county liability in a § 1983 claim, held that *Rucker* did not "compel the conclusion that the Sheriff, when managing the County Jail, is a state policymaker." 937 F.2d 920, 926 (4th Cir. 1991). Its conclusion as to county liability turned on whether the sheriff "had final policymaking authority for the County over the County Jail." *Id.* at 924. Aside from the *Dotson* final policymaking authority exception, "federal courts analyzing federal law claims against Maryland sheriffs [generally] follow *Rucker* in holding that the sheriff acts as a state official when exercising law enforcement functions." *Ledergerber*, 2020 WL 7029868, *4 (citing *Rossignol*, 321 F. Supp. 2d at 650–51). Indeed, in actions alleging misconduct of law enforcement officers in performing their duties, this court has repeatedly dismissed county defendants on the basis that sheriffs and deputy sheriffs are employees of the State under Maryland law. *See, e.g.*, *Boas v. Graves*, No. CV TJS-22-0979, 2024 WL 1178186, at *7 (D. Md. Mar. 19, 2024); *Brooks v. St. Charles Hotel Operating, LLC.*, No. CV DLB-23-0208, 2023 WL 6244612, at *8–9 (D. Md. Sept. 26, 2023); *Collington v. Maryland*, No. GJH-20-966, 2021 WL 3172275, at *17 (D. Md. July 26, 2021); *Ledergerber v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *4–5 (D. Md. Nov. 30, 2020); *Purnell v. Converse*, No. 1:21-CV-3202-JMC, 2022 WL 17552552, at *8 (D. Md. Dec. 9, 2022); *Sweitzer v. McGuinn*, No.

CV GLR-17-1741, 2017 WL 4516711, at *4 n.13 (D. Md. Oct. 10, 2017); *McDonnell v. Hewitt-Angleberger*, No. CIV.A. WMN-11-3284, 2012 WL 1378636, at *4 (D. Md. Apr. 19, 2012).

Notably, whether a county is financially responsible for coverage and defense costs based on a deputy sheriff's law enforcement related activities pursuant to MD. CODE ANN., STATE FIN. & PROC. § 9-108, a provision regarding coverage and defense costs of sheriffs and deputy sheriffs, is a separate inquiry from whether a deputy sheriff is a State or county employee for liability purposes. *See Barbre v. Pope*, 402 Md. 157, 181 n.18 (2007) ("[W]e have not equated provisions regarding the payment of MTCA judgments with authorizing separate tort actions."); *Ledergerber*, 2020 WL 7029868, at *5 (dismissing plaintiff's claims against Harford County and noting that dismissal of the county as a defendant did not affect its obligations under section 9-108); *Brooks*, 2023 WL 6244612, at *9 (adopting *Ledergerber* analysis); *see also Boyer v. State*, 323 Md. 558, 573 n.10 (1991) (providing that "provisions regarding the payment of judgments, however, do not authorize tort actions against counties based on the negligence of State personnel acting within the scope of employment").

Here, Plaintiff's claim against the County is based in vicarious liability for Defendant Abreu's assaults of Plaintiff; the claim does not concern local funding or benefits affecting the deputy sheriffs, or any policymaking authority Defendant Abreu may have held or exercised. In fact, Plaintiff disavows the notion that she has alleged any overarching County policy or practice. (ECF No. 21-1 at p. 6.) Thus, based on Plaintiff's allegations and Maryland law, Defendant Abreu, for purposes of the instant Complaint, is treated as a State, not County, employee; therefore, the County may not be held vicariously liable for his conduct. *See Rucker*, 316 Md. at 281, 289 and *Dotson*, 937 F.2d at 924, *supra*.

Plaintiff's opposition fails to address the case law cited by the County, and instead focuses on three cases, in addition to *Dotson*, addressed *supra,* that she contends demonstrate that Defendant Abreu's status as an employee cannot be resolved as a matter of law on the instant Motion.  (ECF No. 21-1 at p. 2–3.)  Against the backdrop of the case law addressed above, the court explains below why the authority on which Plaintiff relies does not support her position.

Plaintiff relies on *Santos v. Frederick County Board of Commissioners* to show that a Maryland sheriff may be either a county or State employee.  (ECF No. 21-1 at p. 3.)  The court does not take issue with that as a general premise, of course, but it does not advance Plaintiff's position that the court may not determine Defendant Abreu's status on the Motion.  The circumstances of *Santos* are materially different than those presented here.  In *Santos*, the court granted summary judgment for the plaintiff on her claims of "supervisor liability" against the sheriff in his official capacity and "entity liability" against the municipal entity, concluding that the municipal entity was liable for the final policy decision made by the sheriff at issue.  346 F. Supp. 3d 785, 789 (D. Md. 2018).  The *Santos* court explained that the case before it "turn[ed] on the unusual fact" where the claims at issue did not concern "an exercise of state executive power," but rather "a unique agreement whereby the federal government directly delegates its own plenary power over immigration by deputizing local political subdivisions to perform certain functions of an immigration officer."  346 F. Supp. 3d at 794 (record citation omitted).  In considering a similar argument to Plaintiff's here, this court in *Brooks* distinguished *Santos* as an outlier.  2023 WL 6244612, at *8.

The circumstances of *Santos* are not present here.  Plaintiff does not allege that Defendant Abreu possessed, or exercised, authority to make or enforce a County policy.  As the *Brooks* court acknowledged, "for law enforcement matters in general—like the tort claims arising from the

8

police car chase in *Rucker*—sheriffs are considered state employees." 2023 WL 6244612, at *8. Here, like *Brooks*, Plaintiff's claims concern Defendant Abreu's conduct while engaging in a law enforcement function. *Santos* is neither inconsistent, nor incongruent, with the court's analysis and conclusion here that the County may not be held vicariously liable because Defendant Abreu acted as a State employee at all relevant times set forth in the Complaint.

Plaintiff's reliance on *Familia v. High* is also misplaced. There, the plaintiff asserted employment discrimination claims; the allegations neither pertained to, nor bore upon, the defendant's performance of a law enforcement function, as was the case in *Rucker* and as Plaintiff has alleged here. No. CV TDC-21-1139, 2022 WL 899747, at *7–8 (D. Md. Mar. 28, 2022).

Finally, Plaintiff cites *Dorsey v. Sokoloff*, 381 F. Supp. 3d 521 (D. Md. 2019), *aff'd,* No. 19-1671, 2021 WL 5275535 (4th Cir. Nov. 12, 2021). The plaintiffs in *Dorsey* asserted excessive force claims arising from deputy sheriffs' treatment. *Id.* at 526. The State contended it was not a proper party as the deputy sheriff subject to suit was acting as a county employee when he was engaged in law enforcement operations. *Id.* at 534–35. That the *Dorsey* court found a genuine dispute of material fact as to whether the sheriff's deputy was an employee of the State does not foreclose dismissal here. *Dorsey* did not address the Supreme Court of Maryland's decision in *Rucker*—the basis of the County's argument here. *Id.* Instead, the arguments before the *Dorsey* court appear to have related to *Dotson* and § 9-108 of the Maryland State Finance and Procurement article, which renders counties, and not the State, "financially responsible for coverage and defense costs stemming from law-enforcement related activities of sheriffs and deputy sheriffs." MD. CODE ANN., STATE FIN. & PROC. § 9-108, *Brooks*, 2023 WL 6244612, at *9. (As noted above, the court subsequently held in *Ledergerber* and *Brooks* that whether a county may be financially responsible pursuant to section 9-108 is distinct from whether a deputy sheriff is a State or county

employee for liability purposes. *Ledergerber*, 2020 WL 7029868 at *5; *Brooks*, 2023 WL 6244612, at *9.) The court is not persuaded that *Dorsey* creates any ambiguity or uncertainty about Defendant Abreu's status as a State employee here or whether the court may determine as a matter of law on the instant Motion that the County may not be held vicariously liable.

In summary, Plaintiff frames the issue of Defendant Abreu's employment as one that cannot be determined as a matter of law on the present Motion, because it is subject to evaluation of evidence by the factfinder. Case law clearly demonstrates otherwise. While certain allegations may render such a determination premature on a motion to dismiss, no such allegations exist here; facts Plaintiff alleges (construed liberally consistent with the 12(b)(6) standard) do not fall within any possible exception identified by the case law.[3] Construing the Complaint in the light most favorable to Plaintiff, Defendant Abreu was acting as an employee of the State, not the County, at all relevant times. Therefore, the court will dismiss Count IV.[4, 5]

---

[3] Whether the County may ultimately have § 9-108 responsibilities is a separate matter not before the court. Further, the court is dubious as to whether Count IV (which sets forth a theory of liability) may stand alone as a separate cause of action under Maryland law. *See Seiberlich v. Deossa*, No. CV TDC-23-0560, 2024 WL 343298, at *5 (D. Md. Jan. 30, 2024) ("Judges in this District have held that *respondeat superior* is not a separate cause of action under Maryland law.'" (citing cases)); *Collington v. Maryland*, No. GJH-20-966, 2021 WL 3172275, at *17 (D. Md. July 26, 2021) ("[T]o the extent that Plaintiff is attempting to bring a separate 'vicarious liability' cause of action, such a cause of action does not exist." (citation omitted)).

[4] The court's determination of employment status on a motion to dismiss is further supported by the Appellate Court of Maryland's recent holding in *Peacock v. Debley* that, at least in the context of the MTCA, "whether a deputy sheriff is a State or county employee" is not a question for the factfinder. 261 Md. App. 540, 557 (2024).

[5] Because the court will dismiss based on this finding, it need not address the County's arguments that Defendant Abreu's conduct was outside the scope of his employment as a matter of law and that it is entitled to governmental immunity for any common law assault claim. On the matter of Defendant Abreu's scope of employment, the court notes that the County's argument is not on strong footing, because "whether an employee acted within the scope of [his] employment is typically a question of fact for the jury." *Lins v. United States*, 847 F. App'x 159, 167 (4th Cir. 2021) (citing *Sawyer v. Humphries*, 322 Md. 247, 260–61 (1991)). In contrast, the law is plain as to governmental immunity: "Maryland law does not waive the counties' governmental immunity from tort liability; rather, it requires each county to provide limited indemnity to county employees for non-malicious tortious acts or omissions committed in the employees' scope of employment." *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 378 (D. Md. 2011). That waiver does not "authorize suit against the local government for its employee's actions." *Holloway-Johnson v. Beall*, 220 Md. App. 195, 207–208 (2014), *aff'd in part, rev'd in part,* 446 Md. 48 (2016).

### B. Constitutional Violations under 42 U.S.C. § 1983

For the sake of completeness, and in view of *Dotson's* § 1983 analysis, the court addresses here the County's remaining argument that Plaintiff may not maintain a § 1983 claim against the County based on vicarious liability. Plaintiff did not respond to the County's § 1983 argument.

Even assuming *arguendo* that Defendant Abreu was an employee of the County for the purposes of analyzing Plaintiff's § 1983 claim, her vicarious liability claim would still fail. Both Plaintiff's Complaint and opposition make clear that her claim against the County is based in a theory of vicarious liability, not any sort of County policy or practice. (ECF No. 1 ¶ 45; ECF No. 21-1 at p. 6.) "A municipality cannot be held liable . . . under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *see Burley v. Baltimore Police Dep't*, 422 F. Supp. 3d 986, 1032 (D. Md. 2019) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (citing *Iqbal*, 556 U.S. at 676)). "[L]ocal governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986)). Municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. Thus, a plaintiff seeking to impose liability on a county under § 1983 "must prove that 'action pursuant to official municipal policy' caused [her] injury." *Connick*, 475 U.S. at 60 (quoting *Monell*, 436 U.S. at 691).

As discussed above, Plaintiff does not allege Defendant Abreu had, or exercised, final policymaking authority, *see Dotson*, *supra*, or that his conduct and Plaintiff's subsequent injury were the result of any County policy or custom. To the contrary, Plaintiff expressly disavows this

11

claim. (ECF No. 21-1 at p. 6.) Thus, even had the court concluded that Defendant Abreu was a County employee, Plaintiff's § 1983 vicarious liability claim would still be barred as a matter of law.

## IV.    **CONCLUSION**

For the reasons set forth herein, by separate order, the County's Motion (ECF No. 20), construed as a motion to dismiss, will be GRANTED.[6]

August 2, 2024                                    /s/_____
                                                  Julie R. Rubin
                                                  United States District Judge

---

[6] The County seeks dismissal with prejudice. (ECF No. 20.) The court declines to dismiss any counts with prejudice at this time. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").