IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| J.A., | * | |
|    Plaintiff, | * | |
| v. | * | Case No: 1:23-cv-02922-JRR |
| STEVEN V. ABREU | * | |
|    Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF DEFENDANT STEVEN V. ABREU'S MOTION TO STAY PROCEEDINGS

Defendants Steven V. Abreu, by Karpinski, Cornbrooks & Karp, P.A., and E. I. Cornbrooks, IV, his undersigned counsel, pursuant to Rule 105 of the Local Rules, submits this Memorandum in Support of Defendant Steven V. Abreu's Motion to Stay Proceedings, and further states:

### Introduction and Procedural History

On October 26, 2023, Plaintiff filed this suit, through counsel, alleging various causes of action against Steven V. Abreu and Wicomico County. The Complaint, which names Steven Abreu, sued in his personal and official capacities, sets forth causes of action for Violation of 42 U.S.C. §1983 (Count I); Violation of Article 24 of the Declaration of Rights (Count II); Assault (Count III); and Assault, Violation of Article 24 and/or Violation of 42 U.S.C. §1983 (Count IV) (Mr. Abreu in his official capacity).

All of Plaintiff's claims arise from the alleged actions of Steven Abreu between October 26, 2022, and October 29, 2022. On October 30, 2022, Mr. Abreu was arrested and later criminally charged with 34 crimes associated with the alleged actions that form the basis of Plaintiff's Complaint. Mr. Abreu's related criminal charges are currently scheduled for a five (5) day jury

trial which is scheduled to commence December 2, 2024, in the Circuit Court for Wicomico County, Maryland (C-22-CR-22-000588). The criminal investigation and criminal proceedings against Steven Abreu in the Circuit Court for Wicomico County and the civil action pending before this Court concern the same core facts related to Mr. Abreu's conduct. In sum, Mr. Abreu allegedly performed tortious acts against Plaintiff, in either his personal or official capacity as a former Wicomico County Sheriff's Deputy, during the month of October 2022.

## Argument

Mr. Abreu is requesting a temporary stay of these civil proceedings during the pendency of the related criminal case because engaging in civil discovery while awaiting his criminal trial poses a substantial risk of prejudicing Mr. Abreu in both matters; all parties to this Civil matter would be prejudiced without a stay because otherwise discoverable information is currently contained within the State prosecutor's criminal investigation file and/or law enforcement's records, which are not accessible to the parties during the pendency of the parallel criminal matter; a temporary stay of these proceedings until the resolution of the parallel criminal matter would not prejudice Plaintiff's ability to prosecute their civil case; and a temporary stay would support the interest of judicial economy by removing the need for otherwise unnecessary motions practice related to protecting Mr. Abreu's constitutional rights while the discovery phase of this litigation and the parallel criminal matter against him overlap.

Although the Federal Rules of Civil Procedure do not contain an explicit rule for a stay pending the resolution of an ancillary matter, the Supreme Court has explained that: "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*,

282 U.S. 760, 763 (1931)). The determination of whether to stay proceedings "'calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Popoola v. MD-Individual Practice Ass'n., Inc.*, No. DKC-00-2946, 2001 WL 579774, at *2 (D. Md. May 23, 2001) (quoting *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)).

This jurisdiction recognizes two similar multifactor tests for determining whether a stay of civil proceedings is appropriate due to parallel criminal proceedings. *Infotek Corp. v. Preston*, No. CV CCB-18-1386, 2021 WL 4521330, at *2 (D. Md. Oct. 4, 2021). The first test is:

> "(1) the interest of the plaintiffs in proceeding expeditiously with the civil action as balanced against the prejudice to plaintiffs if [caused by] delay; (2) the burden on defendants; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest."

*Ibid.* (citing *In re Mid-Atlantic Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981)). The second is a six-part test that considers "factors one, two, three, and five as set forth above in addition to (1) the extent to which issues in the criminal case overlap with those in the civil case and (2) the status of the criminal case including whether the defendants have been indicted. *Ibid.* (citing *In re Royal Ahold N.V. Securities & Erisa Litig.*, 220 F.R.D. 246, 253 (D. Md. 2004) (internal citations omitted)). These tests "follow essentially the same approach of balancing competing interests to determine whether the movant's interest in a stay is outweighed by the prejudice faced by the non-moving party." *Ibid.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "A stay of civil proceedings is most appropriate when a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Id.* at *1 (citing *Avalonbay Cmtys., Inc. v. San Jose Water Conservation Corp.*, Civil No. 07-306, 2007 WL 2481291, at *3 (E.D. Va. 2007).

Addressing the factors that concern the prejudice to a plaintiff, the time burden of a temporary stay pending the resolution of Steven Abreu's criminal trial is minimal given that trial is scheduled to commence on December 2, 2024. Plaintiff has not taken actions in this case which indicate the need for this case to move forward immediately or risk some form of harm to Plaintiff or her case. Unlike this civil case, which has yet to reach its discovery phase, the parallel criminal proceedings against Mr. Abreu have been ongoing since 2022 and are rapidly approaching their conclusion. There is no indication that Plaintiff or Mr. Abreu are infirm to the point that they might not make it to trial if a temporary stay is imposed. There is also no reason to believe that a temporary stay will affect the parties' ability to engage in discovery after the stay has been lifted. If anything, a temporary stay will advantage both parties in the civil case in two ways. First, it would allow them to gain information from the criminal proceedings that might inform discovery in this civil case. Second, it would allow the parties to obtain information contained in the state prosecutor's criminal investigation file, which is not accessible to either of the parties during the pendency of the parallel criminal proceedings.

Regarding the factors concerning the risk of prejudice to a defendant, it is commonly acknowledged that situations involving parallel criminal and civil proceedings, if not deferred, may undermine a party's Fifth Amendment privilege against self-incrimination. *Infotek Corp.,* 2021 WL 4521330 at *1 (citing *Sec. & Exch. Comm'n v. Dresser Indus., Inc*., 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)). While Mr. Abreu has no Fifth Amendment guarantee to a stay of these proceedings, allowing these proceedings to move forward while he is less than four (4) months away from trial in a criminal case involving the same allegations poses a substantial threat to his Fifth Amendment privilege against self-incrimination. While the instant civil matter is still in its early stages, if not stayed, it will reach the discovery phase before the resolution of Mr. Abreu's

criminal trial, which means Mr. Abreu will be simultaneously subject to both criminal and civil discovery regarding the same facts and circumstances. This poses a substantial and unnecessary risk of self-incrimination and may invite extensive motions practice to protect Mr. Abreu from self-incrimination.

Allowing the parallel criminal matter to resolve while the instant matter is stayed removes the need for the type of motions practice that would otherwise be necessary to protect Mr. Abreu's constitutional rights and, by virtue of having concluded the criminal trial process before any stay in this case is lifted, the information and documents contained in the state prosecutor's criminal investigation file will be available to the parties. This should expedite the efficient exchange of discovery after the stay is lifted and reduce the time and money that each side may have to spend to resolve discovery disputes on these issues. The advanced stage of Mr. Abreu's criminal case also limits the potential length of the requested stay and the associated burden of having this matter remain unresolved on this Court's docket.  Under the circumstances, this Court is likely to expend less judicial resources in managing this case over its lifetime if a temporary stay is granted, than if a stay is not granted and the parties engage in contentious discovery disputes regarding Mr. Abreu's Fifth Amendment privilege. This is true, even if the State Court continues the criminal proceedings beyond December 2024.

Finally, the factors concerning the interests of third parties outside this civil litigation and the interest of the general public in the pending civil and criminal litigations also support the Court granting Mr. Abreu's request for a temporary stay. Cases addressing temporary stays typically address the public interest factor as neutral when there is no clear impediment to the efficient resolution of the civil case, and negative towards the requesting party when there is a history of prior actions to postpone the civil case. *See Chartis Prop. Cas. Co. v. Huguely*, No. CIV.A. DKC

13-1479, 2013 WL 5634266, at *4 (D. Md. Oct. 15, 2013) (finding that the general public's only interest in the motion to stay was the "general interest in its efficient and just resolution" and that the factor was neutral to both sides in light of those goals); *see also Infotek Corp.,* 2021 WL 4521330 at *3 (denying a motion to stay pending the resolution of a related criminal matter because the defendant did not timely notify the court of the pending case and had already been granted ten extensions to the discovery deadline before requesting a stay).

In this case, the pending criminal matter is already set for trial, Plaintiff did not file her civil action until December 2023.  This distinguishes the instant case from most of this Court's opinions addressing the balancing test for the imposition of a stay pending the resolution of parallel criminal matters, where most of this Court's opinions address defendants that have requested stays while their related criminal matters have not reached the indictment stage. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013) (affirming the denial of a stay pending the resolution of parallel criminal matters where two Grand Juries were convened but no indictments had been issued for the defendants at the time of their motion); *see also In re Mid-Atl. Toyota Antitrust Litig.*, 92 F.R.D. 358, 359 (D. Md. 1981) (denying a motion to stay pending the results of a parallel criminal investigation where defendants were under a criminal investigation by the Department of Justice but no charges had been filed); *Consumer Fin. Prot. Bureau v. Access Funding, LLC*, No. CV ELH-16-3759, 2022 WL 1556096, at *6 (D. Md. May 16, 2022) (denying a motion to a stay in a civil case that had been pending for six years and the parallel criminal proceedings involved two key witnesses, not the named defendant).  Mr. Abreu's current situation is more akin to the procedural posture in, *Doe v. City of Gauley Bridge*, No. 2:21-CV-00491, 2022 WL 16554698, (S.D.W. Va. Oct. 31, 2022), where the court found that the factors weighted in favor of granting a stay where the defendant's criminal trial was scheduled approximately a month

and a half after the court's order. *See also Chartis Prop. Cas. Co. v. Huguely*, No. CIV.A. DK13-1479, 2013 WL 5634266 (D. Md. Oct. 15, 2013) (where the court granted a stay pending the resolution of a parallel criminal matter for a defendant whose criminal trial recently concluded and was in the process of being appealed).

## Conclusion

For the reasons stated, ordering a temporary stay under these circumstances would substantially reduce the risk of prejudice to Defendant Abreu, impose only a minimal burden on Plaintiff, reduce the administrative burden on this Court, and would be consistent with the interests of third parties and the general public. Accordingly, Steven Abreu respectfully requests that this Honorable Court grant his Motion, order a stay of these proceedings until the resolution of his state criminal case (Case No. C-22-CR-22-000588), and grant such other relief as the cause may demand.

Karpinski, Cornbrooks & Karp, P.A.

By:     /s/ E. I. Cornbrooks, IV
E. I. Cornbrooks, IV, #28296
120 E. Baltimore Street
Suite 1850
Baltimore, Maryland 21202
(410) 727-5000
(410) 727-0861 (facsimile)
scornbrooks@bkcklaw.com
*Attorney for Defendant*
*Steven V. Abreu*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of August 2024, a copy of the foregoing was electronically filed, with notice to:

Thomas C Cardaro
Cardaro and Peek, LLC
201 N Charles St., Ste 2100
Baltimore, MD 21201
Email: tcc@cardarolaw.com
*Counsel for Plaintiff*

C Drew Fritch
Cardaro and Peek, LLC
201 N Charles St., Ste 2100
Baltimore, MD 21201
Email: cdf@cardarolaw.com
*Counsel for Plaintiff*

Jeffrey L Peek
Cardaro and Peek, LLC
201 N Charles St., Ste 2100
Baltimore, MD 21201
Email: jlp@cardarolaw.com
*Counsel for Plaintiff*

                                                          /s/ E. I. Cornbrooks, IV
                                              Counsel for Defendant Abreu

4880-5029-2684, v. 2