**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

J.A.,

      *Plaintiff*,

    v.

STEVEN V. ABREU,

      *Defendant.*

Civil No.: **1:23-cv-02922-JRR**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff J.A.'s Motion for Leave to File Amended

Complaint (ECF No. 36; the "Motion") and Defendant Steven Abreu's opposition to same (ECF

No. 37). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md.

2023).

## I.    BACKGROUND

The court incorporates the background set forth in its memorandum opinion at ECF No.

27. Briefly, Plaintiff initiated this action on October 26, 2023, asserting four counts:

> <u>Count I</u>: Constitutional Violations under 42 U.S.C. § 1983 against
> Defendant Abreu in his Individual Capacity
> <u>Count II</u>: Violation of Article 24 of the Maryland Declaration of
> Rights against Defendant Abreu in his Individual Capacity
> <u>Count III</u>: Assault against Defendant Abreu in his Individual
> Capacity
> <u>Count IV</u>: "Claims" against the County and Defendant Abreu in his
> Official Capacity

(ECF No. 1 ¶¶ 24–49.) The basis for Plaintiff's Count IV is vicarious liability. *Id.* ¶ 45; *see also*

ECF No. 20-1 at p. 2; ECF No. 21-1 at p. 2.) Defendant Abreu filed his answer to Plaintiff's

Complaint on December 22, 2023. (ECF No. 19.) The County moved for dismissal of all counts

against it, which the court granted upon concluding that Defendant Abreu was an employee of the State, not the County, consistent with Maryland law.  (ECF No. 20; ECF No. 27 at p. 10.)

Following the court's order on the motion to dismiss, Defendant Abreu moved (with Plaintiff's partial consent) to stay proceedings pending resolution of his state court criminal proceedings.  (ECF No. 29.)  The court granted the motion in part and stayed this matter pending resolution of his criminal trial proceedings.  (ECF No. 31.)  After resolution of his criminal trial proceedings, the court convened an off-record status conference and lifted the stay; based on Plaintiff's representation on the call, the court ordered Plaintiff to seek leave to file his amended pleading within 30 days.  (ECF No. 35.)  Plaintiff filed the instant Motion on January 16, 2025, which Defendant Abreu opposes.

According to her Motion, Plaintiff seeks leave to amend her Complaint "to name the State of Maryland as a Defendant that is liable for Defendant Abreu's tortious conduct."  (ECF No. 36 ¶ 6.)  In fact, that is not the sole basis for amendment.  In addition to naming the State of Maryland as a Defendant, and contrary to her representation to the court, Plaintiff also asserts three new common law claims.  Defendant Abreu opposes the instant Motion on the basis that proposed new claims are prejudicial given the "significant time" that has elapsed since the Complaint was filed and no new facts have been discovered.  (ECF No. 37 at pp. 3–4.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FED. R. CIV. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15"). A court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[I]n recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny.").

III.    **ANALYSIS**

As discussed above, amendment should be freely granted and denied only where amendment could be prejudicial or futile, or where there has been bad faith on Plaintiff's part. Defendant Abreu contends here that Plaintiff's proposed amendment is prejudicial in view of the passage of time and that no new facts have been discovered. Defendant Abreu does not argue, nor does the court find, that Plaintiff's amendment would be futile or is sought in bad faith.

### A. *Prejudice*

"Prejudice is the weightiest factor, the absence thereof, 'though not alone determinative, will normally warrant granting leave to amend.'" *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018), *aff'd sub nom. Oliver v. Bartholomew*, 785 F. App'x 166 (4th Cir. 2019) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). "Prejudice is 'often determined by the nature of the amendment and its timing.'" *Medline Indus., Inc. v. York Bldg. Prod. Co.*, 702 F. Supp. 3d 403, 408–09 (D. Md. 2023) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).  As explained by the Fourth Circuit:

> A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial."  An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427 (citations omitted)); *see Medline Indus., Inc.*, 702 F. Supp. 3d at 408–09 (same).

This court has repeatedly held that "'the time, effort, and money . . . expended in litigating [a] case' do not constitute 'substantial prejudice' weighing against leave to amend." *Best v. Newrez LLC*, No. GJH-19-2331, 2020 WL 5513433, at *8 (D. Md. Sept. 11, 2020) (quoting *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. ELH-16-3431, 2017 WL 2377105, at *9 (D. Md. May 31, 2017)); *see, e.g.*, *Terran Biosciences, Inc. v. Compass Pathfinder Ltd.*, No. CV ELH-22-1956, 2024 WL 449323, at *17 (D. Md. Feb. 6, 2024) (same); *Future Field Solutions, LLC v. Van Norstrand*, No. CV DKC 23-1301, 2023 WL 8934021, at *3 (D. Md. Dec. 27, 2023) (same); *see also All Weather, Inc. v. Optical Sci., Inc.*, 443 F. Supp. 3d 656, 664 (D. Md. 2020) (noting how a party claimed that it had "'expended substantial resources in response to the Complaint,' but [could] point to no other prejudice from allowing the amendment, which comes

before discovery and only purports to add new theories and correct and clarify the facts already alleged").

The court discerns no prejudice to Defendant Abreu here beyond slight delay.  This case is in the early stages of litigation—no scheduling order has been issued; no discovery has occurred. *See Laber*, 438 F.3d at 427 and *Medline Indus., Inc.*, 702 F. Supp. 3d at 408–09, *supra*.  Plaintiff's amendment merely seeks to add additional theories of recovery against Defendant Abreu (in addition to adding the State as a party, which Defendant Abreu does not appear to argue is prejudicial).  *See Laber*, 438 F.3d at 427, *supra*.  Moreover, while this case has been pending for about a year and a half, much of that delay has resulted from Defendant Abreu's requested stay or Wicomico County, Maryland's motion to dismiss (*e.g.*, typical or reasonable litigation delays not of Plaintiff's own making).  Accordingly, Plaintiff's proposed amendment does not merit denial on grounds of prejudice.[1]

## IV.     CONCLUSION AND ORDER

In view of the foregoing, the court will permit Plaintiff to file her First Amended Complaint.  It is this 2nd day of May 2025,

   **ORDERED** that Plaintiff's Motion (ECF No. 36) shall be, and is hereby, **GRANTED**.

   Madam Clerk is directed to docket the First Amended Complaint.  (ECF No. 36-2.)


                                           /S/
                                           _____
                                           Julie R. Rubin
                                           United States District Judge

---

[1] Defendant Abreu also requests, if the court grants Plaintiff's Motion: "it should be made clear that Plaintiff is foreclosed from amending the Complaint unless alleged facts which are actually new or could not have been otherwise discovered are revealed." (ECF No. 37 at p. 4.)  The court declines to issue any advance ruling on a matter that may or may not come to pass.  Should Plaintiff seek leave to amend in the future, the court will analyze any such motion in accordance with the applicable legal standard.